UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD ALEXANDER DEPAOLO,

        Plaintiff,

    -v-                         1:20-CV-1154

CAROLYN COLVIN,
Acting Commissioner of Social Security,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                        OF COUNSEL:

OSBORN LAW, P.C.                LINDSAY TRUST, ESQ.
Attorney for Plaintiff              DANIEL A. OSBORN, ESQ.
43 West 43rd St. Suite 131
New York, NY 10036

SOCIAL SECURITY              SHANNON FISHEL, ESQ.
  ADMINISTRATION
Attorneys for Defendant
6401 Security Boulevard
Baltimore, MD 21235

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

On September 22, 2020, plaintiff Richard Alexander DePaolo ("plaintiff") filed a 42 U.S.C § 405(g) action seeking judicial review of the Commissioner

of Social Security's ("defendant")[1] final decision denying his application for disability insurance benefits.  Dkt. No. 1.  Together with his complaint, plaintiff also submitted an application to proceed *in forma pauperis* ("IFP Application").  Dkt. No. 3.  Plaintiff's IFP Application was granted and a briefing schedule was set.  Dkt. Nos. 4–5.  The parties filed their respective memoranda—treated as motions for judgments on the pleadings under Federal Rule of Civil Procedure ("Rule") 12(c) pursuant to General Order 18.  Dkt. Nos. 13, 18.

On February 2, 2022, U.S. Magistrate Judge David E. Peebles advised by Report & Recommendation ("R&R") that plaintiff's motion be granted, that defendant's motion be denied, and that the matter be remanded for further proceedings pursuant to 42 U.S.C. § 405(g).  Dkt. No. 20.  The Court accepted Judge Peeble's R&R and entered a judgment accordingly on February 18, 2022.  Dkt. Nos. 21–22.

Thereafter, the parties entered into a joint stipulation regarding payment attorney fees under the Equal Access to Justice Act ("EAJA Act").[2]  Dkt. No. 23.  The parties agreed that defendant would pay plaintiff's counsel $5,800.00

---

[1] Though plaintiff commenced this action against then Commissioner of Social Security, Martin O'Malley, Carolyn Colvin ("Colvin") has since become the Acting Commissioner of Social Security. Accordingly, Colvin has been substituted as the defendant in this action.  *See* FED. R. CIV. P. 25(d).

[2] Plaintiff's attorney received a total of $5,800.00 for 26.7 hours of attorney work conducted between September 2020 and February 2022. Trust Decl., Dkt. No. 25-1 at 2; Ex. 2 to Trust Decl., Dkt. No. 25-3 at 3–4.

in attorney fees.  *Id*.  The Court so ordered the parties stipulation on April 6, 2022.  Dkt. No. 24.

On remand to the Social Security Administration, plaintiff received a favorable decision and was issued a Notice of Award ("NOA") on December 24, 2024.  Dkt. No. 25-5.  Plaintiff has now moved for attorney fees pursuant to § 406(b).  Dkt. No. 25.  Defendant responded but neither opposes nor support plaintiff's motion.  Dkt. No. 27.  The motion is fully briefed and will be considered on the basis of the submissions and without oral argument.

## II. **DISCUSSION**

Plaintiff is seeking an award of attorney fees in the amount of $23,237.50 for legal work performed before this Court pursuant to 42 U.S.C. § 406(b).  Pl.'s Mem., Dkt. No. 25-6 at 1.[3]  Defendant neither supports nor opposes plaintiff's motion.  Def.'s Resp., Dkt. No. 27 at 1.

When assessing a claimant's motion for attorney fees, the Court must first assess the timeliness of the motion.  The Second Circuit has determined that the fourteen-day tolling period for seeking attorney fees under Rule 54(d)(2)(B) also applies to applications for attorney fees under § 406(b).  *Fortier v. Comm'r of Soc. Sec.*, 2024 WL 4264865, at *3 (S.D.N.Y. Aug. 13, 2024) (citing *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019)).  While some

---

[3] Pagination corresponds to CM/ECF.

ambiguity remains regarding when the fourteen-day tolling period begins under *Sinkler*, district courts are nonetheless empowered to resolve that ambiguity in favor of the claimant when necessary. *See Fortier*, 2024 WL 4264865, at *3 (S.D.N.Y. Aug. 13, 2024) (quoting *Sinkler*, 932 F.3d at 89) ("Thus, district courts are empowered to enlarge that filing period where circumstances warrant.").

Here, plaintiff's NOA is dated December 24, 2024. Ex. 4 to Trust Decl., Dkt. No. 25-5 at 2. Plaintiff moved for attorney fees on January 8, 2025. Pl.'s Mem. at 1. Therefore, the application was filed within the fourteen-day tolling period imposed by Rule 54(d)(2)(B). Accordingly, the application will be considered timely.

On the merits, the Court must determine whether plaintiff's requested attorney fee is "reasonable" within the meaning of § 406(b). Section 406(b) provides that:

> "[w]henever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," as long as the fee does not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled."

42 U.S.C. § 406(b)(1)(A).

As relevant here, "[w]here there is a contingency fee agreement in a successful social security case, the district court's determination of a

- 4 -

reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Fortier*, 2024 WL 4264865, at *4 (cleaned up).  To assess the reasonableness of the contingency fee, the court must first determine whether the fee is within the statutory 25% cap.  *See id*.  The court must then determine whether the agreement was the product of "fraud or overreaching."  *Id*.  Finally, the court must consider the following factors in determining the reasonableness of a claimant's requested fees:

> (1) whether the requested fee is out of line with the character of the representation and the results the representative achieved, (2) whether the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused, and (3) if the benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor.

*Id*. (cleaned up).

Specifically, when evaluating the so-called "windfall" factor, "the Second Circuit has instructed courts to look beyond the *de facto* hourly rate and to assess: (1) the 'ability and expertise' of the attorneys, (2) the 'nature and length of the professional relationship with the claimant,' (3) the 'satisfaction of the disabled claimant,' and (4) 'how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result.'"

*Fortier*, 2024 WL 4264865, at *4 (quoting *Fields v. Kijakazi*, 24 F.4th 845, 854–55 (2d Cir. 2022)).

Measured against this standard, plaintiff's motion for attorney fees will be granted. Plaintiff and his attorney entered a fee agreement at the outset of the representation. Pl.'s Mem. at 4; Ex. 1 to Trust Decl. Dkt. No. 25-2 at 2. The fee agreement specifies that plaintiff's attorney will receive the greater of "25 (twenty-five) percent of the past-due benefits resulting from [plaintiff's] claim or claims . . . OR . . . [s]uch amount as my attorney is able to obtain pursuant to the Equal Access to Justice Act (EAJA)[.]"[4] Ex. 1 to Trust Decl. at 2. The NOA states that plaintiff's total past due benefits total $92,950.00. Ex. 4 to Trust Decl. at 5. The NOA further states that the Social Security Administration has withheld a total of $23,237.50 to pay plaintiff's representative, or, 25% of the total past due award. *Id.* Thus, the fee agreement as written would entitle plaintiff's attorney to fees that do not exceed the 25% statutory cap. Further, there is no evidence that there has been any fraud or overreaching when making the fee agreement.

The fee is also reasonable upon consideration of the so-called "reasonableness factors." This fee is not out of line with the character of the representation and the results the representative achieved. Plaintiff's

---

[4] The fee agreement further specifies that plaintiff's attorney will refund him the lesser of the § 406(b) and EAJA Act fees. *Id.*

attorney achieved not one, but two favorable results for his client. The first was when plaintiff's case was remanded to the Social Security Administration for a re-hearing before an administrative law judge ("ALJ"). The second was when the ALJ made a finding that plaintiff was disabled and entitled to benefits. Next, there is no evidence that plaintiff's attorney caused any unreasonable delay. Nor is the fee in this case a "windfall." Plaintiff's attorney spent 26.7 hours on plaintiff's appeal. While the hourly, or *de facto*, rate of $870.32 is on the higher side, courts in this Circuit have routinely approved fee awards with a much higher *de facto* rate. *See Fortier*, 2024 WL 4264865, at *5 (collecting case). A review of the other "windfall" factors also supports granting plaintiff's motion for attorney fees.

Therefore, the contingency fee is reasonable. Accordingly, plaintiff's motion for attorney fees will be granted.

Therefore, it is

ORDERED that

1. Plaintiff's motion for attorney fees (Dkt. No. 25) is GRANTED.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: February 12, 2025
       Utica, New York.